## Case No. 14,476.

### UNITED STATES v. AUBREY.

[1 Cranch. C. C. 185.] [1]

Circuit Court, District of Columbia. Nov. Term, 1804.

DISTURBING RELIGIOUS WORSHIP — PUNISHMENT.

Upon an indictment for disturbing a religious congregation, the punishment is fine and imprisonment, to be assessed by the jury.

Indictment for disturbing the religious worship of a society of Methodists, under the 4th section of the act "for the effectual suppression of vice," &c., passed 26th December, 1792 (Old Rev. Code, p. 287; New Rev. Code, p. 276); by which if any person shall maliciously disturb any congregation, assembled in any place of religious worship, he may be put under restraint during religious worship by any justice present, who may cause the offender to find two securities for his good behavior, and in default thereof shall commit him to prison, there to remain until the next court, "and upon conviction of the said offence before the said court, he shall be further punished by imprisonment and amercement at the discretion of a jury."

Mr. Jones, U. S. Atty., contended that the jury were to assess the fine and imprisonment, that both species of punishment must be applied, and both must be at the discretion of a jury. See the case of U. S. v. M'Farlane, [Case No. 15,675]. By the act of 13th November, 1792, § 26 (Old Rev. Code, p. 112), it was enacted that in every indictment for a trespass or misdemeanor, the fine or amercement shall be assessed by a jury.

THE COURT were of opinion that imprisonment was a necessary part of the punish-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

ment, and that the jury were to ascertain the term of imprisonment, as well as the fine.

FITZHUGH, Circuit Judge, contrâ. The 4th section of the act "for the effectual suppression of vice," &c., after stating the power of a justice of the peace to bind the offender to appear at the next court, &c., says, "and upon conviction of the said offence before the said court, he shall be further punished by imprisonment and amercement at the discretion of a jury." Imprisonment has always been imposed by courts, and amercements by juries, in Virginia. Old Rev. Code, p. 112, § 26. It is improper so to expound a law as to make it repeal another by implication. The meaning of the act is that a jury shall decide on the defendant's guilt and his fine; and if, from the atrocity of the offence, the court should think the further punishment of imprisonment proper, another jury fixes the period. The words "upon conviction," and "further punished," show that the same jury that ascertains the guilt do not imprison. The words "further punished" are accumulative. "Conviction means that the defendant's guilt is to be ascertained by verdict, and as this conviction is to precede the 'further punishment,' &c., it follows that the defendant [William Aubrey] is not to be imprisoned under the first verdict. By this construction the defendant will be punished as in the case of trespasses and misdemeanors in general." The indictment also contained counts for a rescue, and for beating Abercrombie, the constable.

Verdict guilty, on all the counts. The jury assessed the fine at twenty-five cents, and the term of imprisonment at three calendar months.